**[This opinion has been published in *Ohio Official Reports* at 66 Ohio St.3d 59]**

BURGESS ET AL. *v*. ELI LILLY AND COMPANY

**[Cite as *Burgess v. Eli Lilly & Co.*, 1993-Ohio-193.]**

*Statutes of limitations—Provision of R.C. 2305.10 regarding accrual date of cause of action for DES-related injuries is unconstitutional—Cause of action based upon DES exposure accrues, when.*

1.  The provision of R.C. 2305.10 regarding the accrual date of a cause of action for DES-related injuries is unconstitutional.

2.  A cause of action based upon DES exposure accrues only when the plaintiff has been informed by competent medical authority that she has been injured by DES, or upon the date on which, by the exercise of reasonable diligence, she should have known that she has been so injured.

(No. 92-480—Submitted January 12, 1993—Decided April 7, 1993.)

ON ORDER from the United States Court of Appeals for the Sixth Circuit, Certifying Three Questions of State Law, No. 91-3718.

———————————

{¶ 1} The plaintiffs in this case are a mother, Lillian Baker, and her two daughters, Sanda Burgess and Deborah Sauer, who each allegedly suffered numerous injuries as a direct result of Baker's having taken Diethylstilbestrol ("DES") while pregnant with Burgess in 1948 and with Sauer in 1951-1952. In the ensuing years, Baker experienced vaginal cysts, a uterine polyp and a breast tumor. Neither Burgess nor Sauer ever developed mature reproductive systems.

{¶ 2} The plaintiffs filed actions for damages against Eli Lilly & Company, a manufacturer of DES, on May 30, 1986. On July 9, 1991, the district court adopted a magistrate's recommendation that the action be dismissed. The court specifically found that the claims were barred by the applicable Ohio statute of limitations, R.C. 2305.10, which provides, in relevant part:

"An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.

"*  *  *

"For purposes of this section, a cause of action for bodily injury which may be caused by exposure to diethylstilbestrol or other nonsteroidal synthetic estrogens, including exposure before birth, arises upon the date on which the plaintiff learns from a licensed physician that he has an injury which may be related to such exposure, or upon the date on which by the exercise of reasonable diligence he should have become aware that he has an injury which may be related to such exposure, whichever date occurs first."

{¶ 3} The district court concluded that each plaintiff was aware prior to May 30, 1984, two years before filing, that she may have been injured due to DES exposure. The plaintiffs appealed that decision to the Sixth Circuit Court of Appeals. The Sixth Circuit, concerned that the statute of limitations applied to the plaintiffs may violate the Ohio Constitution, has turned to this court for guidance regarding the correct interpretation of R.C. 2305.10. The Sixth Circuit, pursuant to S. Ct. Prac. R. XVI, certified the following questions to us:

"(1) Is Ohio Rev. Code {2305.10, as construed by the trial court, unconstitutional against plaintiffs-appellants since the plaintiffs could not prevail in an action against the defendant with expert medical proof that the plaintiffs' respective bodily injuries or conditions 'may be related to * * * exposure' to 'Diethylstilbestrol or other nonsteroidal synthetic estrogens, including exposure before birth'?

"(2) What is the proper statutory construction of Ohio Rev. Code {2305.10 with respect to the accrual of a cause of action for an injury caused by Diethylstilbestrol('DES')?

2

"(3) Does the proper statutory construction of Ohio Rev. Code { 2305.10 with respect to the DES provision violate either the due process or right-to-remedy provisions of the Ohio Constitution?"

———————————

*Gianuglou, Dankof, Caras & Hruska*, *Sam G. Caras* and *Michael R. Pentecost*, for petitioners.

*Shook, Hardy & Bacon*, *Andrew B. See* and *Mark C. Hegarty*; *Porter, Wright, Morris & Arthur* and *Thomas Hays Pyper*, for respondent.

———————————

PFEIFER, J.

**{¶ 4}** We answer the three questions together by responding that the provision of R.C. 2305.10 regarding the accrual date of a cause of action for DES-related injuries is unconstitutional. A cause of action based upon DES exposure accrues only when the plaintiff has been informed by competent medical authority that she has been injured by DES, or upon the date on which, by the exercise of reasonable diligence, she should have known that she has been so injured.

I

A

**{¶ 5}** In a line of cases including *Mominee v. Scherbarth* (1986), 28 Ohio St. 3d 270, 28 OBR 346, 503 N.E. 2d 717, *Hardy v. VerMeulen* (1987), 32 Ohio St. 3d 45, 512 N.E. 2d 626, and *Gaines v. Preterm-Cleveland, Inc.* (1987), 33 Ohio St. 3d 54, 514 N.E. 2d 709, this court established a threshold point at which government may impose a statute of limitations on a potential claimant. That line of decisions established that a statute of limitations could not begin to run before a claimant knew or should have known of her injury. In *Allenius v. Thomas* (1989), 42 Ohio St. 3d 131, 538 N. E. 2d 93, this court held that knowledge of the injury's cause is a part of the knowledge required before a statute of limitations may begin to run.

**{¶ 6}** In *Hardy*, this court based its ruling on the right-to-remedy clause of the Ohio Constitution, which states that "* * * every person, for an injury done him in his * * * person, * * * shall have remedy by due course of law * * * ."  Section 16, Article I, Ohio Constitution.

**{¶ 7}** The *Hardy* court reasoned that the right-to-remedy clause would not allow a plaintiff's claim to be extinguished before it accrued, that is, before the plaintiff had knowledge of her injury. *Hardy*, 32 Ohio St. 3d at 47, 512 N.E. 2d at 628.

**{¶ 8}** *Hardy* is rooted not only in the right-to-remedy clause of the Ohio Constitution, but also in common sense.  While *Hardy* dealt nominally with medical malpractice claims, its reasoning that the right-to-remedy clause requires a plaintiff's knowledge of her injury should be applied to all claims.  It only makes sense that government cannot begin to regulate the time in which a person has to bring a claim for an injury until the potential claimant knows both that she has an injury and the cause thereof.

**{¶ 9}** The right-to-remedy clause, as interpreted by this court, thus sets as the threshold for government action the claimant's knowledge of her injury and its cause.  The particular provision of R.C. 2305.10 at issue falls short of that threshold. The statute states that a cause of action for DES exposure accrues "upon the date on which the plaintiff learns from a licensed physician that he has an injury which *may be related to such exposure*, or upon the date on which by the exercise of reasonable diligence he should have become aware that he has an injury which *may be related* to such exposure * * *." (Emphasis added.)

**{¶ 10}** Simply put, the two-year statute of limitations is triggered when the plaintiff learns that she *possibly* has a DES-related injury.

**{¶ 11}** There is more than a semantic difference between knowing that one has a DES-caused injury and knowing that one *may* have such an injury.  A degree of certainty is missing.  Knowledge of the possibility that an injury may be related

4

to a specific cause simply does not reach the constitutionally mandated threshold granting every person a remedy in due course of law for an injury done.

{¶ 12} This court has previously identified a practical and essential element of the Constitution's right-to-remedy clause: "'When the Constitution speaks of remedy and injury to person, property or reputation, it requires an opportunity granted *at a meaningful time and in a meaningful manner*.' (Emphasis added.)" *Gaines*, *supra*, 33 Ohio St. 3d at 60, 514 N. E. 2d at 716, quoting *Hardy*, *supra*, 32 Ohio St. 3d at 47, 512 N.E. 2d at 628.

{¶ 13} The "opportunity" forced upon plaintiffs by R.C. 2305.10 is granted neither at a meaningful time nor in a meaningful manner. First, the statute enunciates a meaningless cause of action. The statute states that it sets the accrual date for "a cause of action for bodily injury which may be caused by exposure to [DES] * * *." No such "cause of action" could even survive Civ. R. 12(B)(6) scrutiny. If a plaintiff were to file a complaint stating that she suffered a bodily injury which *might* be related to DES, the complaint would be dismissed for failure to state a claim. The statute sets a limitations period for an inconceivable cause of action.

{¶ 14} If such a cause of action is available, it accrues when a physician tells a patient that she has an injury that "may be related to [DES] exposure." Therefore, if a doctor tells a patient that there is a one-in-a-thousand chance that the patient's condition is related to DES exposure, the patient's statute of limitations begins to run.

{¶ 15} Alternatively, the statute states that a cause of action accrues when a claimant "should have become aware that he has an injury which may be related to * * * exposure" to DES. Thus, when a woman with reproductive-tract problems reads a magazine article about DES, her cause of action accrues, since she should know that her problem *may* be related to DES. The woman need not even know

that her mother took DES while pregnant-- the statute begins to run when she reads that DES has, in some cases, caused symptoms like hers.

{¶ 16} The statute operates as an invitation for plaintiffs' lawyers to violate Civ. R. 11. That rule states that when an attorney signs a pleading he thereby certifies that he believes "there is good ground to support it." Because the statute of limitations begins running when there is the slightest evidence that DES may be a possible cause of a plaintiff's symptoms, an attorney may be forced to file a complaint long before he can believe that there is good ground to support it. The alternative is to file no complaint.

{¶ 17} A plaintiff encounters further difficulties at the summary judgment level. A claim, in order to be timely under the statute, must be filed based upon the *possibility* of an injury. A plaintiff faces the likely prospect that her claim will be unable to survive a motion for summary judgment.

{¶ 18} A plaintiff need not be able to prove her claim to a degree of metaphysical certitude before she may achieve an opportunity for remedy that is "meaningful." Nor must a plaintiff be able to line up her expert witness before the statute of limitations begins running. However, the DES portion of R.C. 2305.10 begins the running of the statute of limitations before a plaintiff even knows of her injury and its cause. It fails to grant Ohioans an opportunity for remedy at a meaningful time or in a meaningful manner. Therefore, R.C. 2305.10 violates the Right-to-Remedy Clause of the Ohio Constitution.

B

{¶ 19} The statute is also unconstitutional because it denies DES plaintiffs due process of law. This court has held that "a legislative enactment will be deemed valid on due process grounds ' * * * [1] if it bears a real and substantial relation to the public health, safety, morals or general welfare of the public and [2] if it is not unreasonable or arbitrary.'" *Mominee*, *supra*, 28 Ohio St. 3d at 274, 28 OBR at

349-350, 503 N.E. 2d at 720-721, quoting *Benjamin v. Columbus* (1957), 167 Ohio St. 103, 40 O.O. 2d 113, 146 N.E. 2d 854, paragraph five of the syllabus.

{¶ 20} Statutes of limitations bear a real and substantial relationship to the public's general welfare. They require an orderly and timely prosecution of claims. This statute, however, clearly invites, even requires, questionable litigation. As has already been discussed, plaintiffs are forced to begin building their case upon a mere inkling that they have a DES-related injury. The statute encourages the filing of suits based upon the possibility of injury caused by DES. The encouragement of questionable litigation is not related to the general welfare of the public, and the statute thus violates due process.

{¶ 21} The statute unreasonably and arbitrarily limits the rights of DES victims. R.C. 2305.10 also sets the accrual dates for victims of exposure to asbestos and to Agent Orange. An asbestos victim's cause of action accrues when "the plaintiff is informed by competent medical authority that he has been injured by such exposure, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured by the exposure." For Agent Orange victims, the statute of limitations begins running "upon the date on which the plaintiff is informed by competent medical authority that he has been injured by such exposure."

{¶ 22} DES victims are arbitrarily and unreasonably given a more restrictive statute of limitations, one unlike any other in the Ohio Revised Code. Indeed, during oral arguments, respondent's (Eli Lilly & Company's) attorney, who was arguing for the constitutionality of the statute, stated that he was not aware of a statute of limitations anywhere in this country which uses the "may be related" language of R.C. 2305.10. That language unreasonably requires DES victims to bring their claim based upon the mere possibility of an injury.

**{¶ 23}** The DES-related provision of R.C. 2305.10 does not bear a real and substantial relation to the public health, safety, morals or general welfare. It is also unreasonable and arbitrary, and is therefore unconstitutional.

II

**{¶ 24}** Finding the statute of limitations for DES claims unconstitutional requires reading R.C. 2305.10 as if that portion were missing. Thus, a DES plaintiff would have to bring her action "within two years after the cause thereof arose." This court has already adopted a "discovery" rule for the accrual of product liability claims, which should also apply to DES claimants. In *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 90, 4 OBR 335, 340, 447 N. E. 2d 727, 732, this court held that "[w]hen an injury does not manifest itself immediately, the cause of action arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first." The same rule should be adopted for DES claimants, and we therefore instruct the Sixth Circuit Court of Appeals to apply that standard to the plaintiffs in the underlying case.

*Judgment accordingly.*

A.W. SWEENEY, DOUGLAS, RESNICK and F.E. SWEENEY, JJ., concur.

MOYER, C.J., dissents.

WRIGHT, J., not participating.

_____