Sanda BURGESS, Lillian Baker, and Deborah D. Sauer, Plaintiffs–Appellants,

v.

ELI LILLY & COMPANY, Defendant–Appellee.

No. 91–3718.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 21, 1992.

Decided June 7, 1993.

---

Sam G. Caras (argued and briefed), Gianuglou, Dankof, Caras & Hruska, Dayton, OH, for plaintiffs-appellants.

James E. Pohlman, Porter, Wright, Morris & Arthur, Columbus, OH, Thomas H. Pyper, Porter, Wright, Morris & Arthur, Dayton, OH, Andrew See (argued and briefed), Shook, Hardy & Bacon, Michelle R. Mangrum, Laura D. Stith, Shook, Hardy & Bacon, Kansas City, MO, for defendant-appellee.

Before: JONES and MILBURN, Circuit Judges; and WELLFORD, Senior Circuit Judge.

MILBURN, Circuit Judge.

Sanda Burgess, Lillian Baker, and Deborah D. Sauer appeal the district court's decision to grant summary judgment in favor of Eli Lilly on statute of limitations grounds. For the reasons that follow, we reverse and remand.

## I.

Plaintiffs Sanda Burgess, Lillian Baker, and Deborah D. Sauer filed this personal injury action against defendant Eli Lilly and Company seeking damages for injuries allegedly resulting from exposure to its drug, Diethylstilbestrol ("DES"). Jurisdiction is premised on diversity of citizenship.

The plaintiffs are a mother, Lillian Baker, and her daughters, Sanda Burgess and Deborah D. Sauer. The essence of the daughters' complaint is that each suffered numerous injuries as a direct result of her mother's having taken DES, a synthetic hormone, during her pregnancy with each child. Baker was pregnant with Burgess in 1948 and with Sauer in 1951–52. In the ensuing years, Baker experienced vaginal cysts, a uterine polyp, and a breast tumor. Neither Burgess nor Sauer ever developed mature reproductive systems.

In the late 1970's, the plaintiffs began to explore the possibility that their various medical problems were attributable to Baker's DES ingestion. A physician informed

Sauer in 1982 that her condition could possibly be linked to in utero exposure to DES. The same physician later examined Burgess and offered the same opinion. Burgess ultimately underwent a hysterectomy in 1985, and the post-operative diagnosis indicated that her medical condition may have been caused by in utero exposure to DES. The plaintiffs filed their action in federal district court on May 30, 1986. On July 9, 1991, the district court adopted a magistrate judge's report and recommendation that the action be dismissed. The district court specifically found that the plaintiffs' claims were barred by the applicable Ohio statute of limitations, Ohio Revised Code § 2305.10. Section 2305.10 provides in relevant part:

> An action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose.
>
> .  .  .  .  .
>
> For purposes of this section, a cause of action for bodily injury which *may be caused by* exposure to diethylstilbestrol or other nonsteroidal synthetic estrogens, including exposure before birth, arises upon the date on which the plaintiff learns from a licensed physician that he has an injury which may be related to such exposure, or upon the date on which by the exercise of reasonable diligence he should have become aware that he has an injury which *may be related to* such exposure, whichever date occurs first. (Emphasis added.)

The district court concluded that each plaintiff was aware prior to May 30, 1984, more than two years before her action was filed, that she may have been injured due to exposure to DES, a product manufactured by defendant Eli Lilly and Company.

Plaintiffs appealed the district court's decision, questioning the application and constitutionality of Ohio Rev.Code § 2305.10 to their action. As jurisdiction is based on diversity of citizenship, we follow the substantive law of Ohio as declared by its legislature and Supreme Court. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). We were in doubt, however, as to how the legal questions concerning the statute's application and constitutionality should be resolved under Ohio law.

At oral argument on February 21, 1992, counsel for both the plaintiffs and the defendant stated that there is no Ohio case law interpreting Ohio Rev.Code § 2305.10. They further agreed that an action brought by plaintiffs with medical expert proof only to the effect that plaintiffs' respective conditions "may be caused by" or "may be related to" exposure to DES, including exposure before birth, would not survive a motion for summary judgment or a motion for a directed verdict under the law of the State of Ohio.

Accordingly, by our order of March 6, 1992, we certified questions to the Supreme Court of Ohio pursuant to Rule XVI of its Rules of Practice as follows:

(1) Is Ohio Rev.Code § 2305.10, as construed by the trial court, unconstitutional in its application against plaintiffs-appellants since the plaintiffs could not prevail in an action against the defendant with expert medical proof that the plaintiffs' respective bodily injuries or conditions "may be related to . . . exposure" to "Diethylstilbestrol or other nonsteroidal synthetic estrogens, including exposure before birth?"

(2) What is the proper statutory construction of Ohio Rev.Code § 2305.10 with respect to the accrual of a cause of action for an injury caused by Diethylstilbestrol ("DES")?

(3) Does the proper statutory construction of Ohio Rev.Code § 2305.10 with respect to the DES provision violate either the due process or right-to-remedy provisions of the Ohio Constitution?

## II.

The Supreme Court of Ohio accepted our certification. On April 7, 1993, the Supreme Court of Ohio issued its opinion, *Burgess, et al v. Eli Lilly & Company*, 66 Ohio St.3d 59, 59, 609 N.E.2d 140, 140 (1993), in which it answered our three questions together holding:

1. The provision of R.C. 2305.10 regarding the accrual date of a cause of action for DES-related injuries is unconstitutional.

2. A cause of action based upon DES exposure accrues only when the plaintiff has been informed by competent medical authority that she has been injured by DES, or upon the date on which, by the exercise of reasonable diligence, she should have known that she has been so injured.

The Supreme Court of Ohio further instructed that its finding that the statute of limitations for DES claims is unconstitutional requires reading Ohio Rev.Code § 2305.10 as if that portion of the statute were missing. Consequently, the Supreme Court of Ohio concluded that a DES plaintiff would have to bring her action "within two years after the cause thereof arose." *Id.*, at 64, 609 N.E.2d at 143. In this case, although the district court concluded that each plaintiff was aware prior to May 30, 1984, that she may have been injured due to DES exposure, "[t]here is more than a semantic difference between knowing that one has a DES-caused injury and knowing that one *may* have such an injury. A degree of certainty is missing." *Id.*, at 61, 609 N.E.2d at 142.

### III.

In view of the opinion of the Supreme Court of Ohio as to our certified questions, we REVERSE the district court's grant of summary judgment in favor of Eli Lilly & Company and REMAND this case for further proceedings consistent with its opinion and this opinion. However, we do not in any way imply or suggest what the eventual outcome of this case should be.