[This opinion has been published in *Ohio Official Reports* at 88 Ohio St.3d 256.]

THE STATE EX REL. OHIO INSURANCE COMPANY ET AL. *v*. OHIO INSURANCE
GUARANTY ASSOCIATION.

[Cite as *State ex rel. Ohio Ins. Co. v. Ohio Ins. Guar. Assn.*, 2000-Ohio-324.]

*Complaint for writ of mandamus dismissed.*

(No. 99-1142—Submitted February 22, 2000—Decided March 29, 2000.)

IN MANDAMUS.

_____

*Reminger & Reminger Co., L.P.A., Clifford C. Masch* and *Brian D. Sullivan*, for
relators.

*Vorys, Sater, Seymour & Pease L.L.P., F. James Foley* and *Gary J. Saalman*, for
respondent.

*Law Offices of James T. Ball, Ltd.,* and *James T. Ball*, for intervenors Barbara A.
Valentine et al.

*Calhoun, Kademenos & Heichel Co., L.P.A.*, and *Janet L. Phillips*, urging granting
of writ for *amicus curiae*, Ohio Academy of Trial Lawyers.

*Roetzel & Andress, Thomas A. Dillon* and *Dianne D. Einstein*, urging granting of
writ for *amicus curiae*, Association for Hospitals and Health Systems.

_____

{¶ 1} This cause originated in this court on the filing of a complaint for a writ of
mandamus and was considered in a manner prescribed by law.  Upon consideration thereof,

{¶ 2} IT IS ORDERED by the court, *sua sponte*, that this cause be, and hereby is,
dismissed because  relief cannot properly be granted in mandamus.

MOYER, C.J., F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

_____

**PFEIFER, J., dissenting.**

**{¶ 3}** Relators seek a writ of mandamus to compel the Ohio Insurance Guaranty Association ("OIGA") to discontinue its policy of refusing to discuss settlement with claimants before they have exhausted all available insurance coverage of all co-defendants. The practical effect of this policy is to long delay the date on which injured parties are able to receive compensation for the harm done them. These long delays deny claimants their constitutional right to a remedy at a meaningful time and in a meaningful manner. See *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 62, 609 N.E.2d 140, 142. Further, if we don't address the issue now, claimants may continue to settle their claims for less than full damages in order to avoid the burdensome delays OIGA's exhaustion policy engenders.

**{¶ 4}** OIGA's intent appears to be to save money. However laudable that goal, it is not part of OIGA's statutory mandate. The purpose of OIGA is to "provide a mechanism for the payment of covered claims under certain insurance policies, avoid excessive delay in the payment and reduce financial loss to claimants or policyholders because of the insolvency of an insurer, assist in the detection and prevention of insurer insolvencies, and provide an association to assess the costs of such protection among insurers." R.C. 3955.03. The purpose of OIGA is to pay covered claims, avoid excessive delay, and reduce financial loss of claimants. It does not appear to be doing so.

**{¶ 5}** The majority believes the writ of mandamus before us is a declaratory judgment in disguise. It might be right. However, the vagaries of trials and settlements suggest that the very important issue before us may never appear again, or in any event only after the passage of considerable time. We should not wait to right a wrong, and in a piecemeal fashion at that—we should right the wrong now, just as we did in *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062.

{¶ 6} OIGA's exhaustion policy results in a broad-based system and does not further OIGA's statutory goals. Further, a declaratory judgment is an inadequate remedy in this case because it is not complete or speedy. I would grant the writ.

{¶ 7} Alternatively, this court has jurisdiction under Section 2(B)(1), Article IV of the Ohio Constitution, which states: "The supreme court shall have original jurisdiction in the following:

" * * *

"(f) In any cause on review as may be necessary to its complete determination."

{¶ 8} This court is responsible for the efficient administration of justice throughout the state. Whether in mandamus or pursuant to Section 2(B)(1)(f) of Article IV, we have the authority and obligation to compel OIGA to discontinue its exhaustion policy.

DOUGLAS and RESNICK, JJ., concur in the foregoing dissenting opinion.

_____