BAXLEY, Appellant,

v.

HARLEY–DAVIDSON MOTOR COMPANY, INC., a.k.a. Harley–
Davidson Motor Company Group, Inc. et al., Appellees.

[Cite as *Baxley v. Harley–Davidson Motor Co.,
Inc.*, 172 Ohio App.3d 517, 2007-Ohio-3678.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–060917.

Decided July 20, 2007.

Freking & Betz and Mark W. Napier, for appellant.

Carpenter & Lipps, L.L.P., Michael H. Carpenter, Timothy R. Bricker, and Karen M. Cadieux, for appellees.

MARK P. PAINTER, Presiding Judge.

{¶ 1} Plaintiff-appellant, Charles Baxley, appeals the trial court's judgment dismissing his case against defendant-appellee Harley–Davidson Motor Company, Inc. The trial court held that Baxley's complaint was barred by the two-year statute of limitations governing products-liability claims.[1] Baxley raises a single assignment of error: he claims that the "discovery rule" applied and that his complaint was therefore timely. But the discovery rule was inapplicable here. We affirm the trial court's judgment.

{¶ 2} We review a dismissal under Civ.R. 12(b)(6) de novo.[2] A motion to dismiss tests the sufficiency of the complaint.[3] Under a de novo analysis, we accept all factual allegations in the complaint as true and construe all reasonable inferences in Baxley's favor.[4] Dismissal was proper if it appeared on the face of

---

1. See R.C. 2305.10.

2. See *Battersby v. Avatar, Inc.*, 157 Ohio App.3d 648, 2004-Ohio-3324, 813 N.E.2d 46, at ¶ 5.

3. *Lansing v. Hybud Equip. Co.*, 5th Dist. No. 2002CA00112, 2002-Ohio-5869, 2002 WL 31411311, at ¶ 12.

4. See *Mitchell v. Lawson Milk Co.* (1988), 40 Ohio St.3d 190, 192, 532 N.E.2d 753.

the complaint that Baxley could prove no set of facts entitling him to recover.[5]

{¶ 3} On July 2, 2002, Baxley was injured while driving his Harley–Davidson motorcycle. His complaint alleged that the accident was caused by an electrical malfunction that made the vehicle lose power, suddenly stop, and then lurch forward. When the vehicle lurched, Baxley's foot was lodged between the running board and the exhaust pipe. The vehicle then fell over, injuring Baxley's leg, ankle, and foot. The dealership evaluated Baxley's motorcycle and found no evidence of a malfunction.

{¶ 4} More than two years later, Baxley received a recall notice from Harley–Davidson warning of a possible electrical shortage that could cause a "quit-while-riding" incident. He then sued, alleging that the accident had resulted from Harley–Davidson's negligence and breach of warranty, and that Harley–Davidson had violated Ohio's product-liability laws. Each of the claims was governed by Ohio's two-year statute of limitations.[6] The single issue on appeal is whether, under these facts, Ohio's discovery rule provided an exception to the two-year period. Baxley claims that it did and that the limitations period began to run from the date he received the recall notice rather than from the date of injury.

{¶ 5} Baxley filed his original complaint in April 2005, three years after the incident had occurred and well beyond the two-year statute of limitations. In May 2005, he dismissed the original action without prejudice and refiled it within a year. But the savings statute—which allows refiling in some cases—is not an issue here. For the savings statute to have applied, Baxley would have had to file his original complaint within the two-year statute of limitations.[7] When Baxley filed his original complaint in April 2005, it was already out of time; there was nothing to save.[8]

{¶ 6} Baxley relies on the Ohio Supreme Court's decision in *O'Stricker v. Jim Walter Corp.*,[9] which held that the discovery rule applies in cases where a strict application of the statute of limitations would lead to an unconscionable result.[10] An unconscionable result occurs when the right of recovery is barred

---

5. See *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus.

6. See R.C. 2305.10.

7. See R.C. 2305.19.

8. See *Vitantonio, Inc. v. Baxter*, 11th Dist. No. 2005–L–004, 2006-Ohio-1685, 2006 WL 847229, at ¶ 11.

9. *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727.

10. Id. at 87, 4 OBR 335, 447 N.E.2d 727.

before the plaintiff can even know the right exists.[11]

{¶ 7} *O'Stricker* concerned a plaintiff who had suffered from asbestos-induced cancer, a disease with a period of prolonged latency.[12] While the *O'Stricker* rationale applies in cases of latent disease and injury, it offered Baxley no relief. The *O'Stricker* discovery rule is two-pronged: when an injury does not manifest itself immediately, the claim accrues when the plaintiff becomes aware of (1) his injury and (2) the cause of his injury.[13]

{¶ 8} Baxley argues that under that discovery rule, his claim did not accrue until June 2004, when he received the recall notice. But the discovery rule generally applies in cases of latent injury and not in cases of possible latent defects, as Baxley argues.[14] Determining actual liability is a matter for the discovery process—actual damage or injury is enough to put a reasonable person on notice of the need for further inquiry even where a defect is latent.[15] The period begins to run as soon as the plaintiff has constructive knowledge of the facts, rather than actual knowledge of their legal significance. Baxley's case is more analogous to a situation the court noted in *Flowers v. Walker*,[16] where, in an automobile accident resulting from a blowout, the limitations period ran from the date of the injury—not from when the plaintiff discovered that the tire was defective.

{¶ 9} Here, Baxley did not suffer from a latent injury. He immediately knew that he had been hurt. He also knew that his injury stemmed from a potential problem with his motorcycle on July 2, 2002.[17] He received immediate medical care and had the vehicle evaluated within a week of the incident. Even under the *O'Stricker* approach, the cause of action accrued on the date of injury. Because there was no latent injury and the causal link was obvious, the discovery rule did not apply.

---

11. Id.

12. Id. at 86, 4 OBR 335, 447 N.E.2d 727.

13. Id. at 90, 4 OBR 335, 447 N.E.2d 727.

14. *Braxton v. Peerless Premier Appliance Co.*, 8th Dist. No. 81855, 2003-Ohio-2872, 2003 WL 21291061, at ¶ 22.

15. Id.

16. *Flowers v. Walker* (1992) 63 Ohio St.3d 546, 549–550, 589 N.E.2d 1284.

17. See, e.g., *Braxton* at ¶ 14–20.

{¶ 10} The trial court properly granted Harley–Davidson's motion to dismiss, and we affirm.

Judgment affirmed.

HILDEBRANDT and WINKLER, JJ., concur.

RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.