GRIMME et al., Appellants,

v.

TWIN VALLEY COMMUNITY LOCAL SCHOOL DISTRICT BOARD OF EDUCATION et al., Appellees.

[Cite as *Grimme v. Twin Valley Community Local School Dist. Bd. of Edn.*, 173 Ohio App.3d 460, 2007-Ohio-5495.]

Court of Appeals of Ohio, Twelfth District, Preble County.

No. CA2006–08–019.

Decided Oct. 15, 2007.

Casper & Casper, Barbara L. Strady, Deborah J. Adler, and Patrick W. Allen; Green & Green Lawyers and David M. Deutsch, for appellants.

Utrecht & Young, L.L.C., and Fredric L. Young, for appellee Peterson Construction Co.

Ulmer & Berne L.L.P., Frederic X. Shadley, and James L. Salmon, for appellee Fanning/Howey Associates, Inc.

Carlile, Patchen & Murphy, L.L.P., Joseph M. Patchen, and Christopher J. Dusseau, for appellee Teepe's River City Mechanical, Inc.

---

Powell, Judge.

{¶ 1} Plaintiffs-appellants, Donna and Duane Grimme, appeal a decision of the Preble County Court of Common Pleas granting the respective summary judgment motions of defendants-appellees, Fanning/Howey Associates, Inc., Peterson

Construction Company, and Teepe's River City Mechanical, Inc. For the reasons outlined below, we reverse the decision of the trial court.

{¶ 2} Donna Grimme is an elementary school teacher at Twin Valley School in West Alexandria, Ohio. Beginning in early 2002, Donna noticed an odd odor in her classroom. She and her students began experiencing health problems around this time. Donna kept a journal detailing the events as they transpired from February 2002 through August 2002. Her entries describe a persistent and intense odor in the classroom. They also denote an evolution of her personal symptoms including burning eyes and throat, hoarse voice, coughing, headaches, vomiting, diarrhea, fatigue, and hair loss. Many of the entries describe Donna's appeals for help from the school and her attempts to discover the cause of the odor and her symptoms.

{¶ 3} After a number of complaints from Donna, the school retained the services of environmental firms to conduct air-quality tests in the classroom. At a July 25, 2002 school board meeting, tester Les Ungers revealed that there was a Freon leak in Donna's classroom. The school executed remedial measures, including removal of all refrigerators from the classrooms.

{¶ 4} By letter dated January 21, 2004, the school admitted to the existence of certain design/construction defects in the school building. Donna and her husband Duane ("appellants") filed suit on July 23, 2004. Appellants asserted negligence claims against architectural firm Fanning/Howey Associates, Inc., general contractor Peterson Construction Company, and HVAC contractor Teepe's River City Mechanical, Inc. ("appellees").[1] The negligence claims alleged that Donna's bodily injuries resulted from the negligent design, construction, and HVAC work performed, respectively, by appellees. Appellees filed separate motions for summary judgment, which the trial court granted in a decision rendered on May 30, 2006.[2] Appellants timely appeal, raising one assignment of error.

{¶ 5} A trial court's decision on summary judgment is reviewed de novo. *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285. Summary judgment is proper when (1) there are no genuine issues of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can only come to a conclusion adverse to the nonmoving party, construing the

---

1. Appellants also asserted intentional tort claims against the Twin Valley Community Local School District Board of Education, the individual board members, and the current and former superintendents of the school. These defendants were dismissed and are not parties to this appeal.

2. The court later vacated the order of summary judgment in favor of appellee Teepe's River City Mechanical, Inc. as premature, but issued a second decision granting Teepe summary judgment on July 5, 2006.

evidence most strongly in that party's favor. Civ.R. 56(C). See, also, *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 375 N.E.2d 46. The moving party bears the initial burden of informing the court of the basis for the motion and demonstrating the absence of a genuine issue of material fact. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264. If the moving party meets its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing a genuine issue for trial. Id.

{¶ 6} Assignment of Error No. 1:

{¶ 7} "The trial court erred in granting summary judgment as a matter of law, in its determination that plaintiffs' claim accrued more than two years prior to the filing of her complaint on July 23, 2004."

{¶ 8} R.C. 2305.10 requires that an injured party bring suit within two years of the injury. In order to avoid unjust results, the Ohio Supreme Court articulated the following "discovery rule" for accrual of bodily injury actions under R.C. 2305.10:

{¶ 9} "When an injury does not manifest itself immediately, the cause of action arises upon the date on which the plaintiff is informed by competent medical authority that he has been injured, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he had been injured, whichever date occurs first." *O'Stricker v. Jim Walter Corp.* (1983), 4 Ohio St.3d 84, 90, 4 OBR 335, 447 N.E.2d 727.

{¶ 10} Appellants argue that the trial court improperly awarded summary judgment to appellees because this statute of limitations did not begin to run until Donna connected her health problems to the source of the odd odor in her classroom. According to Donna, she first forged this connection on the night of the July 25, 2002 school board meeting when Ungers revealed the existence of the Freon leak. Alternatively, Donna asserts that the limitations period began when her physician advised her in October 2003 that her symptoms were consistent with defective building construction.

{¶ 11} Appellees argue that the statute of limitations began to run long before July 23, 2002. They focus upon the fact that Donna began documenting the odd odor as early as February 27, 2002 and her symptoms as early as March 4, 2002. Appellees emphasize that Donna's journal contains numerous entries about her symptoms and those exhibited by her students and other people who entered her classroom. They thus conclude that Donna was on notice for months prior to July 23, 2002 of the causal connection between her bodily injuries and her presence in the classroom.

{¶ 12} The complaint in this case was filed on July 23, 2004. Accordingly, the question is whether Donna knew or should have known, prior to July 23, 2002, of (1) her injury and (2) the cause of her injury. *Baxley v. Harley–Davidson Motor Co., Inc.*, 172 Ohio App.3d 517, 2007-Ohio-3678, 875 N.E.2d 989, ¶ 7. Donna's knowledge of the existence of her injury is evident from her journal, deposition, and affidavit, which detail her awareness of her symptoms. The central issue is thus whether Donna knew or reasonably should have known of the *cause* of her injury.

{¶ 13} We turn to case law to ascertain just what is required to satisfy the element of knowledge of causation of one's injury. In *Yacub v. Sandoz Pharmaceuticals Corp.* (S.D.Ohio 1998), 101 F.Supp.2d 852, the District Court for the Southern District of Ohio considered whether a husband's survivorship claim was barred by R.C. 2305.10. The husband's wife died after taking the prescription drug Parlodel to suppress postpartum lactation. The drug company insisted that the husband or his wife knew or should have known that the drug caused her injuries on one of three dates: (1) shortly after she began taking the drug and experiencing headaches in February 1991, (2) when the husband consulted three different attorneys about filing suit after his wife died later in 1991, or (3) when the husband obtained information about Parlodel from the medical review service in November 1991. The husband maintained that he did not associate Parlodel with his wife's death until reading a newspaper article on the drug in August 1994.

{¶ 14} The *Yacub* court held that nothing in the record suggested that the husband knew or should have known of a causal relationship between his wife's injury and her use of the drug prior to his reading the newspaper article. The wife did not associate the drug with her headaches while she was taking it. Although the husband knew of her injury at the time he consulted the attorneys, the court noted that he was only "generally suspicious" about the care his wife received and sought the assistance of counsel to investigate. He did not know the precise cause of her injury. In fact, the medical review information he received named three potential causes for the thrombosis that killed his wife: staph infection, Parlodel, and pregnancy. The *Yacub* court noted that under Ohio law, knowledge that an injury "may be related to" a drug is not necessarily sufficient to trigger the statute of limitations.

{¶ 15} In *Burgess v. Eli Lilly & Co.* (1993), 66 Ohio St.3d 59, 609 N.E.2d 140, the Ohio Supreme Court declared unconstitutional a former version of R.C. 2305.10, which contained a provision addressing the latent effects of a drug called Diethylstilbestrol ("DES"). The former version of the statute resulted in the limitations period being triggered when a plaintiff learned that she *possibly* had a DES-related injury. The court ruled that this violated the right-to-remedy

clause of the Ohio Constitution. Following *Burgess,* the state legislature amended the statute's DES language to mirror the traditional standard governing the accrual of all other product liability actions (i.e., plaintiff knew or should have known that DES proximately caused her injury).

{¶ 16} In condemning the former DES provision of R.C. 2305.10, the *Burgess* court noted the following:

{¶ 17} "There is more than a semantic difference between knowing that one has a DES-caused injury and knowing that one *may* have such an injury. A degree of certainty is missing. Knowledge of the possibility that an injury may be related to a specific cause simply does not reach the constitutionally mandated threshold granting every person a remedy in due course of law for an injury done." *Burgess,* 66 Ohio St.3d at 61, 609 N.E.2d 140.

{¶ 18} The above quote merely reflects the "knew or should have known" standard embodied by the discovery rule enunciated in *O'Stricker.* However, the quote is instructive for the present matter. It is clear from the evidence that Donna was far from certain of the cause of her injury while she was journalizing from February 2002 through August 2002. In fact, her journal reveals that she suspected a number of causes during this time, including the ventilation system, chemicals, mold, and moisture in the walls. As the *Burgess* court stated, however, suspicion is not certainty. Donna opined that the odd odor in her classroom was causing her injuries and that it may have come from the ventilation system. But her suspicion did not rise to the level of knowledge sufficient to trigger the running of the statute of limitations.

{¶ 19} The trial court held that Donna's "diary entries conclusively establish[ed] that as early as April 2002, [Donna] knew of the link between the odor and her health issues * * * and that she even knew, or at the very least, strongly suspected, that the ventilation system was the source." This conclusion, however, attributes a dubious level of certainty to Donna's suspicion. In fact, the school brought in professionals to test the air quality in Donna's classroom, and those tests came up negative for toxic mold or hazardous conditions. The record does not indicate whether the tests attempted to detect Freon, but it is reasonable to infer that the negative test results, procured by professional environmental firms, suspended Donna's suspicion that the odor was originating from the ventilation system.

{¶ 20} The precise question is whether Donna's suspicions were enough to put her on notice of her need to pursue her possible remedies. *Cacciacarne v. G.D. Searle & Co.* (C.A.6, 1990), 908 F.2d 95. According to her journals, Donna spent much time from February 2002 through July 2002 attempting to discover the cause of the odor and her health problems. She appealed to supervisors and school board members to help her discover the cause of the odor. Help was slow

to come. In fact, the school has never admitted to the presence of any hazardous or harmful conditions. It is nonsensical to attribute to Donna a certain knowledge of an injury-causing condition when the school still maintains that no such condition exists or existed.

{¶ 21} As Donna is the nonmovant, we are bound to construe the evidence most strongly in her favor. The case law supports the conclusion that suspicion is not enough to trigger the statute of limitations. *Colby v. Terminix Internatl. Co.* (Feb. 10, 1997), Stark App. No. 96–CA–0241, 1997 WL 117218, at *3; *Yacub v. Sandoz Pharmaceuticals Corp.* (S.D.Ohio1998), 101 F.Supp.2d 852, 860. The standard is knowledge, not suspicion.

{¶ 22} The evidence supports that Donna was not certain of the cause of the odor and her health problems until the July 25, 2002 board meeting when Ungers revealed the presence of the Freon leak. Her claim was thus brought within the limitations period, and summary judgment in favor of appellees was not proper. Appellants' first assignment of error is sustained.

{¶ 23} The judgment is reversed and the cause is remanded.

Judgment accordingly.

YOUNG, P.J., and WALSH, J., concur.