[This opinion has been published in *Ohio Official Reports* at 72 Ohio St.3d 269.]

NCR CORPORATION, APPELLANT, *v.* UNITED STATES MINERAL PRODUCTS COMPANY, APPELLEE.

[Cite as *NCR Corp. v. U. S. Mineral Products Co.*, 1995-Ohio-191.]

*Statutes of limitations—Products liability—Asbestos removal claims—Cause of action for asbestos-removal accrues, when—"Hazard requiring abatement," defined—Expert advice not a prerequisite to the accrual of a cause of action for asbestos removal.*

1.  Except when brought by a school board, a cause of action for asbestos removal accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered that the asbestos constitutes a hazard requiring abatement.

2.  "Hazard requiring abatement" means that the premises are contaminated by the asbestos to the extent that a potential health hazard to occupants exists.

3.  Expert advice is not a prerequisite to the accrual of a cause of action for asbestos removal.

(Nos. 93-2411 and 93-2515—Submitted February 21, 1995—Decided May 31, 1995.)

Appeal from and Certified by the Court of Appeals for Montgomery County, No. 13931.

———————————

{¶ 1} NCR appeals from a judgment of the court of appeals affirming summary judgment in favor of United States Mineral Products Company ("USM") on a statute-of-limitations issue. Plaintiff-appellant, NCR Corporation ("NCR"), sued USM, alleging strict liability, negligence and breach of warranty to recover damages for the cost of removing asbestos manufactured by USM, and found in four buildings owned by NCR known as the "Sugar Camp" facility. The asbestos

in question was applied as a fire retardant to internal portions of the facility during construction sometime prior to 1970.

{¶ 2} The trial court, citing *Beavercreek Local Schools v. Basic, Inc.* (1991), 71 Ohio App.3d 669, 595 N.E.2d 360, granted USM's motion, concluding that NCR knew more than four years before filing its complaint both that the asbestos was present at "Sugar Camp," and of the hazards associated with asbestos. The holding of the Beavercreek court was that a cause of action accrues when plaintiff was on notice of the presence of asbestos and knew or should have known that exposure to asbestos presented possible health risks.

{¶ 3} On appeal, NCR argued the trial court's decision offended the right-to-remedy provision under the Ohio Constitution, and, alternatively, failed to recognize the appropriateness of NCR's claim under the delayed-damage line of cases. The Court of Appeals for Montgomery County, also citing its holding from Beavercreek, affirmed the judgment of the trial court on the ground that a cause of action accrued when NCR learned that the buildings contained asbestos materials because the hazards of asbestos are well known.

{¶ 4} The court of appeals, finding its judgment to be in conflict with the judgment of the Court of Appeals for Franklin County in *Columbus Bd. of Edn. v. Armstrong World Industries, Inc.* (1993), 89 Ohio App.3d 846, 627 N.E.2d 1033, certified the record of the case to this court for review and final determination.[1] In Columbus, the appellate court held that the cause of action did not accrue until the school board first abated the asbestos.

---

1. In *Columbus*, the Columbus Board of Education became aware of asbestos in its schools in 1978. Then the school board surveyed the asbestos-containing materials in its buildings, conducted air monitoring, and finally commenced abatement in 1980 or 1981. The board filed suit in 1984. The manufacturers argued that the limitations period began to run in 1978 when the school board learned that asbestos was potentially harmful. The court rejected this test and held that the cause of action did not accrue until the school board first abated the asbestos.

**{¶ 5}** The cause is also before this court pursuant to an allowance of a discretionary appeal.

———————————

*Green & Green*, *Thomas M. Green* and *Stephen D. Brandt*, for appellant.

*Porter, Wright, Morris & Arthur*, *Gary W. Gottschlich* and *Ron Kozar*, for appellee.

———————————

**COOK, J.**

**{¶ 6}** We are presented with the issue of when a cause of action accrues for asbestos-removal litigation.[2]  The court of appeals essentially held that a cause of action accrues when  the property owner knows (1) that asbestos is present within the building and (2) that asbestos, in general, is hazardous.  For the following reasons, we disagree with the appellate court's view that the "mere presence" of asbestos triggers the running of the statute of limitations, and therefore reverse its judgment.

I

**{¶ 7}** In arguments to this court, USM and NCR agree on some crucial preliminary issues.  Each advocates that the applicable statute of limitations is R.C. 2305.09(D).   We agree. R.C. 2305.09(D) applies, since appellant is seeking recovery for damage to its real property.  *Sun Refining & Marketing Co. v. Crosby Value & Gage Co.* (1994), 68 Ohio St.3d 397, 627 N.E.2d 552.

**{¶ 8}** Second, each party presumes that the discovery rule is appropriate for the accrual of such a cause of action.  Again, we agree.  While this court has applied the discovery rule most often in medical malpractice cases (*see*, *e.g.*, *Melnyk v. Cleveland Clinic* [1972], 32 Ohio St.2d 198, 61 O. O. 2d 430, 290 N.E.2d 916), the underlying rationale also fits with latent property-damage actions.  The discovery

---

2. The General Assembly has enacted a special statute of limitations at R.C. 2305.091 for asbestos-removal claims by public schools.  The test adopted here, therefore, does not apply to public schools.

rule is invoked in situations where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations. *O'Stricker v. Jim Walter Corp.* (1983) 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727. The discovery rule has not previously been applied to property-damage cases decided by this court. However, other jurisdictions have found the discovery rule useful and appropriate in resolving the limitations-of-actions issues in asbestos-removal-litigation cases. *See*, *e.g.*, *MDU Resources Group v. W.R. Grace & Co.* (C.A.8, 1994), 14 F.3d 1274; *Appletree Square I, Ltd. Partnership v. W.R. Grace & Co.* (C.A.8, 1994), 29 F.3d 1283; *Farm Credit Bank of Louisville v. U.S. Mineral Products Co.* (W.D. Ky. 1994), 864 F.Supp. 643; *Hebron Pub. School Dist. No. 13 of Morton Cty. v. U.S. Gypsum Co.* (N.D. 1991), 475 N.W.2d 120. These courts concluded that statutes of limitations should not bar claimants before they have a reasonable basis for believing they have a claim. The rationale for applying a discovery rule supports its application here.

{¶ 9} Third, both parties propose a test different from the "mere presence" test adopted by the court of appeals. Moreover, both agree that since asbestos fibers pose a threat only when they become airborne, and fibers that are firmly in matrix or remain in place within a building are not a hazard requiring abatement, *see Adams-Arapahoe School Dist. No. 28-J v. GAF Corp.* (C.A. 10, 1992), 959 F.2d 868, courts must therefore focus on the condition of the asbestos rather than its presence in determining that an injury has occurred. Although the mere-presence rule has been adopted by a minority of jurisdictions, it has been criticized for forcing some building owners to commence suit before they have sustained anything more than a potential or contingent injury, at a time when their claim could not survive a motion to dismiss. Our reasoning in *Burgess v. Eli Lily & Co.* (1993), 66 Ohio St.3d 59, 609 N.E.2d 140, demonstrates this court's view that a potential cause of action is not sufficient to trigger the running of a statute of limitations. In

*Burgess*, we found R.C. 2305.10 unconstitutional because it commenced a limitations period on a DES claim before a cause of action matured to the point where it could survive a motion to dismiss. For these same reasons, we concur with the parties to this appeal and reject the "mere presence" test in favor of the proposition that the condition of the asbestos determines if and when an injury occurs.

## II

{¶ 10} While both parties agree the discovery rule should be used and that the rule should focus on the condition of the asbestos, their views diverge on further delimiting when a cause of action accrues.

{¶ 11} NCR proposes that a cause of action accrues when the condition of the particular asbestos is harmful or requires remediation. NCR suggests that we take a lead from our medical malpractice cases and require a "cognizable" or "alerting" event to trigger accrual. Such an approach, NCR contends, permits a plaintiff to understand the extent and seriousness of the asbestos condition, placing it on notice of the need to pursue possible remedies. *See*, *e.g.*, *Allenius v. Thomas* (1989), 42 Ohio St.3d 131, 538 N.E.2d 93, and *Burgess*, *supra*. Also, NCR suggests that whether a particular asbestos in a structure has become harmful requires expert rather than lay determination. NCR commends the holding of *Columbus Bd. of Edn. v. Armstrong World Industries, Inc.*, *supra*, as a proper application of its proposed rule.

{¶ 12} NCR's contention that accrual should not occur until remediation begins or upon the expert determination that the condition of the asbestos is harmful is, in our view, unworkable. A test requiring expert determination or actual remediation before accrual would allow a plaintiff to stay the running of the statute of limitations until a time of its own choosing, by simply refraining from investigating or refusing to take remedial measures. For that reason, we find that

in non-school cases, expert advice is not a prerequisite to the accrual of a cause of action for asbestos removal.

{¶ 13} USM advocates a test where the cause of action accrues when the building owner knows or should have known that the asbestos has contaminated its property. USM's proposed "contamination" test appears to mirror the decisions from courts in other jurisdictions that have already decided the accrual issue in asbestos-removal litigation. *See*, *e.g.*, *MDU Resources v. W.R. Grace & Co.*, *supra*, 14 F.3d at 1279 ("[T]he injury for which asbestos plaintiffs are being recompensed is the contamination of their buildings."); *Adams-Arapahoe School Dist. No. 28-J v. GAF Corp.*, *supra*, 959 F.2d at 872, ("[O]nly asbestos contamination constitutes physical injury compensable under tort law."); *Detroit Bd. of Edn. v. Celotex Corp.* (1992), 196 Mich. App. 694, 493 N.W.2d 513; *The 3250 Wilshire Blvd. Bldg. v. W.R. Grace & Co.* (July 24, 1989), D.C. Cal. No. CV 87-6048-WMB, unreported, 1989 WL 260222.

{¶ 14} USM contends this same line of cases defines "contamination" as the release of microscopic asbestos fibers into the air being breathed by the occupants of the building. This definition, however, is criticized by NCR as being too limited. Reliance on the measurement of air particles ignores the circumstance of having a building "contaminated" with delaminated friable asbestos fibers that have temporarily settled, and are undetectable with air testing, but are nevertheless uncontained and in a hazardous state. For these reasons, we find USM's proposed definition of the term "contamination" too inflexible to serve as the test for accrual of a cause of action.

{¶ 15} Courts from other jurisdictions have analyzed the issue and provide useful guidance in formulating our test.[3] The majority of courts considering this

---

3. *See*, *e.g.*, *Appletree Square I, Ltd. Partnership v. W.R. Grace & Co.* (C.A. 8, 1994), 29 F.3d 1283; *MDU Resources Group v. W.R. Grace & Co.* (C.A. 8, 1994), 14 F.3d 1274; *Roseville Plaza Ltd. Partnership v. U.S. Gypsum Co.* (C.A. 6, 1994), 31 F.3d 397; *Detroit Bd. of Edn. v. Celotex Corp.* (1992), 196 Mich. App. 694, 493 N.W.2d 513; *Warren Consol. Schools v. W.R. Grace & Co.* (1994),

question holds that a cause of action accrues when a plaintiff knows or should know that the condition of the asbestos contaminated the building or posed a hazard requiring abatement. *See*, *e.g.*, *Appletree Square I, Ltd. Partnership v. W.R. Grace & Co.*, *supra*. While these decisions recognize that harm occurs by the release of fibers, they do not limit accrual to the actual detection of these fibers. Instead, these courts recognize that other factors could alert a property owner to the hazardous condition of the asbestos.

{¶ 16} Balancing the views of both parties and examining the experience of courts in other jurisdictions, we hold that in Ohio, except when brought by a school board, a cause of action for asbestos removal accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered that the presence of asbestos constitutes a hazard requiring abatement. "Hazard requiring abatement" means that the premises are contaminated by the asbestos to the extent that a potential health hazard to occupants exists.

{¶ 17} Accordingly, based on the trial court's having applied a test different from the one adopted by this court today, we reverse the judgment of the appellate court and remand the cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed and*
*cause remanded.*

MOYER, C.J., RESNICK F.E. SWEENEY and PFEIFER, JJ., concur.

DOUGLAS, J., concurs in judgment only.

WRIGHT, J., dissents.

———————

205 Mich. App. 580, 518 N.W.2d 508; *Kansas City v. W.R. Grace & Co.* (Mo.Ct.App. 1989), 778 S.W.2d 264; and *Farm Credit Bank of Louisville v. U. S. Mineral Products Co.* (W.D.Ky. 1994), 864 F.Supp. 643. *NCR Corporation v. United States Mineral Products Company.*

**WRIGHT, J., dissenting.**

{¶ 18} I concur in paragraphs one and three of the syllabus of the majority opinion, but, applying this test, I would affirm the judgment of the court of appeals instead of remanding this cause to the trial court for new proceedings. The majority fairly and accurately cites a number of cases from other jurisdictions that support my conclusion.

{¶ 19} The record reflects that NCR discovered or should have discovered asbestos contamination in its buildings more than four years before NCR sued USM, which would bar NCR's action against USM due to the statute of limitations. NCR did not sue USM until July 30, 1991. As early as the late 1970s, NCR's maintenance manager at its "Sugar Camp" facility, who reported to a facility manager who reported directly to NCR's assistant vice-president, knew that NCR employees occasionally disturbed and knocked loose the asbestos fireproofing in the boiler room of one of NCR's buildings. Knowledge that asbestos fibers had been knocked loose from the structure of a building and had been released into the air is relevant and important to the scope of a maintenance manager's employment; therefore, this knowledge is imputed to NCR. See 1 Restatement of the Law 2d, Agency (1958), Sections 272, 283; 3 American Jurisprudence 2d (1986) 789, Agency, Section 284.

{¶ 20} Accordingly, I respectfully dissent.

—————————————