JOURNAL ENTRY AND OPINION
Plaintiffs-appellants David and Theresa Norgard (appellants) appeal from the grant of summary judgment entered in Cuyahoga County Common Pleas Court in favor of defendant-appellee Brush Wellman Inc. (appellee) on David Norgard's claim of employer intentional tort and Theresa Norgard's claim for loss of consortium, finding that the claims were time-barred. For the reasons stated below, we affirm.
The record demonstrates the following facts. Appellant David Norgard was employed for eleven years by appellee in its Elmore, Ohio plant. On August 14, 1992, a physician informed appellant David Norgard that he had been diagnosed with chronic beryllium disease (CBD) as a result of his exposure to beryllium during his employment with appellee. As a result of the diagnosis, after hearing upon appellee's August 20, 1992 motion, appellant's 1981 workers' compensation claim allowing for hypersensitivity reaction to beryllium flouride was amended to include CBD for which he received compensation.
Three years later, on October 15, 1995, appellants were advised by an attorney that appellee knew of the danger of working with beryllium but had failed to tell anyone, especially its employees. On October 2, 1997, appellants, within two years of receiving this information, commenced an action in Cuyahoga County Common Pleas Court in which David Norgard asserted a claim for employer intentional tort and his wife Theresa asserted a claim of loss of consortium. On March 19, 1998, appellants voluntarily dismissed their case and subsequently refiled their claims in the within action on March 18, 1999.
On November 15, 1999, appellee moved for summary judgment claiming that appellants' claims were time-barred. After briefing of the motions, on January 24, 2000, the trial court entered judgment in favor of appellee. This appeal follows in which appellants advance a single assignment of error.
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLANTS' CAUSE OF ACTION WAS TIMELY FILED WITHIN THE TWO YEAR STATUTE OF LIMITATIONS APPLYING THE DISCOVERY RULE TO THE FACTS OF THIS CASE.
In this appeal, appellants urge this court to reverse the decision of the trial court which granted summary judgment in favor of appellee. Appellants argue that their action was timely filed as the statute of limitations for their injuries was tolled until October 15, 1995, when they obtained knowledge that appellee intentionally caused appellant David Norgard harm. Appellee, on the other hand, argues that summary judgment was properly granted in its favor because appellants' claims were time-barred. Appellee asserts that the statute of limitations began to run on August 14, 1992, when appellant knew that he had been diagnosed with chronic beryllium disease and he knew that the disease was caused by conditions of his employment.
Civ.R. 56(C) provides in relevant part:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the case show that there is genuine issue as to any material fact and, that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
This court reviews summary judgments de novo. See Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35. In Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367, 369-370, the Ohio Supreme Court restated the appropriate test for summary judgment as follows:
 Pursuant to Civ.R. 56 summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
Zivich, supra at 370.
In the trial court, in the appellate briefs and at the oral argument, the parties to the within action have not contested that appellant Theresa Norgard's claim for loss of consortium is governed by a four-year limitation period and that appellant David Norgard's claim for bodily injury must be brought within two years of the accrual of his action.[1]
R.C. 2305.10 which governs the time limitations for employer intentional tort claims provides in pertinent part:
 (A) * * * an action for bodily injury * * * shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1) to (4) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.
The general rule is that a cause of action accrues under this division when the injury occurs. Collins v. Sotka (1998), 81 Ohio St.3d 506, 507. However, exceptions have been found to exist in cases where the injury or its cause does not immediately manifest itself and where strict application of the general rule can lead to an unjust result. Harrisv. Liston (1999), 86 Ohio St.3d 203, 205. The Harriscourt reasoned that * * * to provide for a more equitable solution, * * * in accordance with its judicial authority * * * [the Ohio Supreme Court] has applied a discovery rule in numerous situations. Id. at 206.
The Ohio Supreme Court has recognized that in certain situations, as here, when exposed to toxic chemicals, an injured person may not be aware of the injury he or she has suffered until after the expiration of this two-year period. Thus, in the case of Liddell v. SCA Servs. (1994),70 Ohio St.3d 6, the court recognized the use of the rule of discovery to toll the running of the statute of limitations in all actions alleging the infliction of bodily injury which only manifests itself at a point subsequent to the alleged negligent conduct of the defendant. Such exceptions constitute the discovery rule, which states that the statute of limitations starts when the injured party discovers, or in the exercise of reasonable diligence should have discovered, that she was injured by the wrongful conduct of another. Id.
The discovery rule was originally recognized by the Supreme Court of Ohio in medical malpractice claims but has been generally accepted and applied in many other areas. See Melnyk v. Cleveland Clinic (1972),32 Ohio St.2d 198. O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, the court held:
 When an injury allegedly caused by exposure to toxic chlorine gas does not manifest itself immediately, a cause of action for that injury arises upon the date the plaintiff is informed by competent medical authority that he has been injured by exposure to the gas, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he has been so injured, which ever date occurs first.
Id. at paragraph one of the syllabus.
R.C. 2305.10(B)[2] codifies the discovery rule of O'Stricker stating: (1) For purposes of division (A) of this section, a cause of action for bodily injury that is not described in division (B)(2), (3), or (4) of this section and that is caused by exposure to hazardous or toxic chemicals, * * * accrues upon the date on which the plaintiff is informed by competent medical authority that the plaintiff has an injury that is related to the exposure, or upon the date on which by the exercise of reasonable diligence the plaintiff should have known that the plaintiff has an injury that is related to the exposure, whichever date occurs first.
The rationale underlying statutes of limitations is fourfold: to ensure fairness to the defendant; to encourage prompt prosecution of causes of action; to suppress stale and fraudulent claims; and to avoid the inconvenience engendered by delay, specifically the difficulties of proof present in older cases. O'Stricker, supra at 88. The discovery rule is invoked in situations where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations. NCR Corp. v. U.S. Mineral Products Co. (1995),72 Ohio St.3d 269, 271.
The line of cases decided by the Supreme Court which apply the discovery rule plainly indicates that discovery of the injury is the defining event that triggers the commencement of the statute of limitations.
In Skidmore Hall v. Rothman (1983), 5 Ohio St.3d 210, the court, upon consideration of when a legal malpractice claim accrues, stated at the syllabus that the statute of limitations commences when the client discovers or in the exercise of reasonable care and diligence should have discovered the resulting injury.
In Liddell v. SCA Servs. of Ohio (1994), supra, the court held at the syllabus that [w]hen an injury allegedly caused by exposure to toxic chlorine gas does not manifest itself immediately, a cause of action for that injury arises upon the date the plaintiff is informed by competent medical authority that he has been injured by exposure to the gas, or upon the date on which, by exercise of reasonable diligence, he should have become aware that he has been so injured, whichever date occurs first. (O'Stricker v. Jim Walter Corp. [1983], 4 Ohio St.3d 84, 4 OBR 335, 447 N.E.2d 727, applied and followed.)
In Ault v. Jasko (1994), 70 Ohio St.3d 114, the court, when considering the accrual date for the commencement of the statute of limitations for sexual abuse of a child who suppressed the memory of the abuse, found that the one-year limitations period begins to run when the victim recalls or otherwise discovers that he or she was sexually abused, or, when through the exercise of reasonable diligence, the victim should have discovered the sexual abuse. Id. at 117-118.
In NCR Corp., supra at 273, the court held that [i]n Ohio * * * a cause of action for asbestos removal accrues when the plaintiff discovers or in the exercise of reasonable diligence should have discovered that the presence of asbestos constitutes a hazard requiring abatement.
In Harris v. Liston (1999), 86 Ohio St.3d 203, the court held that a negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C.2305.09(D) commences to run when it is first discovered and that there is damage to the property.
Information sufficient to alert a reasonable person to the possibility of wrongdoing gives rise to a party's duty to inquire into the matter with due diligence. Flowers v. Walker (1992), 63 Ohio St.3d 546. The Court noted in Flowers that the "cognizable event" test is the standard discovery rule in all tort litigation:
 This interpretation of the "cognizable event" rule places the plaintiff and defendant in malpractice actions on the same footing as plaintiffs and defendants in other tort litigation. In an automobile accident resulting from a blowout, for example, additional time is not given to (1) discover whether the tire was defective or (2) learn the identity of the manufacturers and sellers of the tire. Id. at 550.
Zemick v. Lapine Truck Sales Equip. Co. (1997), 124 Ohio App.3d 581,590.
Appellants urge us to adopt the rationale set forth in Collins v. Sotka, supra, wherein the court held that the statute of limitations for wrongful death does not begin running until the decedent's estate should have discovered that it was the wrongful actof the defendant that caused the decedent's death. The Collins court reasoned that the discovery rule exists so that "statutes of limitations should not bar claimants before they have a reasonable basis for believing they have a claim." Collins, supra at 509. However, the circumstances of Collins differ significantly from those sub judice. In Collins, the body of the victim was found months after the date of the injury, her murder. Further, the identity of the wrong-doer had not been established within the statutory time period of the death of the victim. Before a statute of limitations begins to run, not only must the plaintiff discover that he has an injury, but the plaintiff must also discover with reasonable diligence that the defendant's conduct caused that injury. See Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, 538, (stating that the statute of limitations is not tolled if the plaintiff knows he is injured and knows the identity of the person who injured him even if the full extent of his injury is not discovered).
Thus, in this case, the statute began to run on the date appellant knew of his injury because that day he also knew that the injury was a result of the conduct of appellee.
Although appellants urge this court to extend the statutory time until appellants had actual knowledge of wrongful conduct of appellee, we do not find appellants' arguments in this case to be compelling. In reliance upon Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, appellants argue that the cognizable event which triggered the statute of limitations in this case was David Norgard's receipt of information on October 15, 1995 to support his assertion that appellee committed an employer intentional tort.
In Viock, the injured worker suffered lung injuries after being exposed to dangerous levels of highly toxic chemical in his workplace. The Viock court found a question of fact existed as to the accrual date of the statutory time because the evidence showed that Viock only probably knew of the link between his illness and that Viock's physician listed the cause of his illness as probable. Moreover, in Viock, the injured worker submitted affidavit evidence to buttress the allegation set forth in his complaint that his employer had information concerning the effects of exposure to toxic substances but withheld the information and he was never warned of the hazard. Under these circumstances, the court found summary judgment was granted in error. Thus, Viock stands for the proposition that the cognizable event which triggers the statutory time limitation in employer intentional tort is when * * * a plaintiff must know or reasonably should have known that he has been injured; and, second, a plaintiff must know or reasonably should have known that his injury was proximately caused by the conduct of the defendant. Id. at 12.
Although appellants concede that in August 1992, appellant David Norgard knew that he had CBD and he knew that the disease was caused by his employment, he argues that the discovery rule tolls the statutory time limitations until he knew that the conduct of his employer violated the standards required for employer intentional tort as set forth in Fyffe and Jeno's (1991), 59 Ohio St.3d 115. We reject this argument upon consideration of the law as cited above.
In Ohio, the discovery rule is applied where the application of the general rule would create an unjust result. See NCR Corp., supra. The rule merely requires that a plaintiff know that he has been injured and know the identity of the person who caused the injury. See Viock, supra. It is the actual knowledge of facts, not legal theories, which initiates the running of the * * * statute of limitations. Hershberger v. Akron city Hosp. (1987), 34 Ohio St.3d 1, 5.
With these principles in mind, we review appellee's motion for summary judgment and we find that the evidence, even when viewed in a light most favorable to appellants, demonstrates that in August 1992, appellant David Norgard had actual knowledge of his occupational disease. The evidence in the record demonstrates that in 1992 appellant was conducting research into his employer background and into the medical aspects of his disease and that he believed his employer had not been truthful about the health risks of beryllium exposure. The record further illustrates that in 1992 appellant was obtaining advice from the Chronic Beryllium Disease Support Group regarding obtaining competent lawyers. We find that this evidence conclusively demonstrates that appellant knew that he was injured by the conduct of appellee in the fall of 1992. These facts are sufficient to trigger the running of the statute of limitations for an injury caused by the exposure to hazardous or toxic chemicals.
As a tort victim with an occupational disease, appellant is bound by the time limitations for bodily injury upon his knowledge that he has been injured by the conduct of appellee. We find no reason to distinguish whether the conduct giving rise to the tort was intentional or otherwise. Therefore, upon consideration of the facts of this case, we do not find that the application of the discovery rule as currently applied in Ohio leads to an unjust result, nor do we find this result so unfair as to necessitate allowance of appellants' claims beyond time limitations as set forth by the statute.
Accordingly, we find that appellant David Norgard's claim for employer intentional tort against appellee brought more than two years after August 14, 1995 was time-barred. We further find that the four-year statute of limitations governing appellant Theresa Norgard's claim for a loss of consortium began on the same date that David Norgard's claim began to run. The trial court properly granted judgment in favor of appellee as both appellants' claims are time-barred.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________________ TIMOTHY E. McMONAGLE, PRESIDING JUDGE
KENNETH A. ROCCO, J. and MICHAEL J. CORRIGAN, J., CONCUR.
[1] This court acknowledges the Ohio Supreme Court's acceptance on August 2, 2000 of the question in Funk v. Rent All Mart, Inc. (2000),89 Ohio St. 1468 certified as follows: Is the statute of limitations under Ohio Rev. Code 2305.112 viable in light of the ruling in Johnson v. BP Chemicals, Inc., 85 Ohio St.3d 298, 707 N.E.2d 1107 (1999) which rendered the enabling statute, Ohio Rev. Code 2745.01 unconstitutional? Does Ohio Rev. Code 2305.112 apply to a common law cause of action brought by an employee against his employer pursuant to Blankenship v. Cincinnati Milcron Chemicals, Inc., 69 Ohio St.2d 608, 433 N.E.2d 572, cert. denied, 459 U.S. 857 (1992)? If the statute of limitations is not one year pursuant to Ohio Rev. Code 2305.112, what is the applicable statute of limitations for such causes of action?"
[2] This section was part of H.B. 350, which was invalidated in toto by State ex rel. Ohio Academy of Trial Attorney v. Sheward (1999),86 Ohio St.3d 451.