OPINION
{¶ 1} Pat Hollingshead appeals from summary judgments entered in favor of Georgia Paulig and Erma Bodey, Moore's Excavating, and Bodey Sons, Inc.
 {¶ 2} Hollingshead filed a complaint against Paulig and Bodey on February 25, 1999. On March 8, 2000, Hollingshead filed an amended complaint adding Moore's Excavating and Bodey Sons, Inc. as defendants.
 {¶ 3} Eventually, all defendants moved for summary judgment. Each motion asserted that the complaint was barred by the four-year period of limitation established by R.C. 2305.09.
 {¶ 4} In support of their motions for summary judgment as based on the statute of limitations defense, the parties relied upon the deposition of Stephen Bodey and the complaint. Hollingshead responded to the motions, but did not furnish any evidentiary material to dispute the facts testified to by Stephen Bodey or the allegations of the amended complaint.
 {¶ 5} According to Stephen Bodey, his mother, Erma Bodey, and Georgia Paulig own a building known as the Four Gables which shares an alley with a building owned by Hollingshead. Bodey Sons is a construction company owned by Erma Bodey and operated by Stephen Bodey. Moore's Excavating did excavation work for Bodey Sons.
 {¶ 6} In 1993, a tenant of the Four Gables building experienced sewerage problems. Bodey Sons obtained Hollingshead's permission to excavate in the alley in order to locate and correct the problem. Moore's Excavating did the excavation work, the problem was corrected, and the excavation was filled in and resurfaced. This operation took place over two days in January 1993 and was the only excavation done at the site. The sewer systems of the Four Gables' building and Hollingshead's building connect to a common sewer line which was installed in 1947. (Stephen Bodey emphatically denied Hollingshead's allegation that the Four Gables' sewer system had been connected to Hollingshead's sewer system in 1993, as alleged in the complaint).
 {¶ 7} As they pertain to this appeal, the following allegations in the amended complaint are pertinent:
 {¶ 8} "4. After permission was granted, a hole was dug in the parking lot through the blacktop by Defendant Moore's. It was later repaired with concrete. As a result of settling, the parking lot's run-off was interrupted and a low spot 20' x 10' developed which caused ponding, and in winter, an ice hazard.
 {¶ 9} "5. The parking lot was not repaired properly by Defendants Bodey Sons and Moore's Excavating which has affected the value of the property and will require Plaintiff to tear up and replace the parking lot in order to restore it to its prior condition.
 {¶ 10} "* * *
 {¶ 11} "7. Defendants Bodey Sons and Moore's Excavating, without permission of the Plaintiff, dug a second time in the concrete driveway on the property of Plaintiff located 106 West Church Street, Urbana, Ohio.
 {¶ 12} "8. Approximately one year later, Plaintiff began having trouble with his sewer backing-up into the basement of his property located 106 West Church Street, Urbana, Ohio.
 {¶ 13} "9. Plaintiff, having discovered the back-up and approximately one and one-half feet of sewage in the basement, had to carry from the basement several hundred gallons of sewage. Plaintiff paid Houser Brinnon, Inc. to clean out the sewer line.
 {¶ 14} "10. The following year, a sewer at 106 West Church Street, Urbana, Ohio, again backed-up into the basement and Plaintiff had to carry approximately one hundred gallons of sewage out of the basement.
 {¶ 15} "11. Plaintiff contacted Defendant Bodey Sons, who paid for Roto-Rooter to clean out the sewer on Plaintiff's property located 106 West Church Street, Urbana, Ohio.
 {¶ 16} "12. Approximately one year later, the sewer again backed-up into the basement of 106 West Church Street, requiring Plaintiff to again carry sewage out of the basement. Plaintiff once again called Houser-Brinnon to clean out the line.
 {¶ 17} "13. Approximately six weeks later, with the help of the City of Urbana, Plaintiff discovered that the Defendants had illegally cut and connected into his sewer.
 {¶ 18} "14. Upon learning of the situation, the Plaintiff contacted the Defendants and advised them of the sewer tie-in. Upon being advised of the situation, Defendants denied any such action and hung up on the Plaintiff. To this date, Plaintiff is unaware of any corrective action having been taken by the Defendants."
 {¶ 19} The trial court appears to have determined that the limitations period began to run in 1994 when Hollingshead first experienced sewer backup following the 1993 excavation, sewer repair, and resurfacing.
 {¶ 20} Hollingshead assigns as error the trial court's determination that his complaint is time-barred.
 {¶ 21} All parties agree that R.C. 2305.09 prescribes the applicable period of limitation. That statute provides:
 {¶ 22} "An action for any of the following causes shall be brought within four years after the cause thereof accrued:
 {¶ 23} "(A) For trespassing upon real property;
 {¶ 24} "(B) For recovery of personal property, or for taking or detaining it;
 {¶ 25} "(C) For relief on the ground of fraud;
 {¶ 26} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 2305.10 to 2305.12, 2305.14, and 1304.35 of the Revised Code.
 {¶ 27} "If the action is for trespassing under the ground or injury to mines, or for the wrongful taking of personal property, the causes thereof shall not accrue until the wrongdoer is discovered; nor, if it is for fraud, until the fraud is discovered."
 {¶ 28} Hollingshead contends that the trial court ignored the allegations of fraud in the complaint to the effect that the defendants had improperly connected to his sewer system without telling Hollingshead. Hence, the argument continues, the four-year limitations period did not begin to run until Hollingshead, "with the help of the City of Urbana, discovered that the Defendants had illegally cut and connected into his sewer." Para. 13, complaint, supra. Presumably, this discovery occurred in 1996 and made the lawsuit timely. The complaint is notably non-specific as to dates.
 {¶ 29} There are two fatal flaws in Hollingshead's argument. First, the amended complaint does not allege fraud. Second, Stephen Bodey specifically denied under oath in his deposition that the defendants had connected the Four Gables sewer system to Hollingshead's sewer system. Hollingshead failed to controvert this evidence with contrary evidence, as required by Civ.R. 56(E).
 {¶ 30} We agree with the defendants that the dispositive law is found in Harris v. Liston (1999), 86 Ohio St.3d 203:
 {¶ 31} "1. Tort actions for injury or damage to real property are subject to the four-year statute of limitations set forth in R.C. 2305.09(D). (NCR Corp. v. U.S. Mineral Products Co. [1995],72 Ohio St.3d 269, 649 N.E.2d 175, construed and followed.)
 {¶ 32} "2. A negligence action against a developer-vendor of real property for damage to the property accrues and the four-year statute of limitations of R.C. 2305.09(D) commences to run when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property."
 {¶ 33} Here, the amended complaint alleged that Hollingshead's sewer backed up approximately one year after the 1993 excavation, repair, and resurfacing. Stephen Bodey testified that this work was done in January, 1993. Thus, the four-year period of limitations began to run in January, 1994. Because the original complaint was filed February 25, 1999, the lawsuit was time-barred as to all defendants.
 {¶ 34} No argument is advanced by Hollingshead concerning settling of the resurfacing causing ponding. Any claim of error as to that claim for relief being held to be time-barred is waived.
 {¶ 35} The assignment of error is overruled.
 {¶ 36} The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.