OPINION
{¶ 1} Plaintiff-appellant, Michael O. Rosendale, appeals from a judgment of the Court of Claims of Ohio granting summary judgment in favor of defendant-appellee, Ohio Department of Transportation. For the following reasons, we affirm the judgment of the trial court.
 {¶ 2} In February 2006, appellant sued appellee in the Stark County Court of Common Pleas in connection with a bridge demolition and reconstruction project conducted near appellant's home. The case was transferred to the Franklin County Court *Page 2 
of Common Pleas which apparently dismissed the action on July 10, 2006, for lack of subject matter jurisdiction. On July 10, 2007, appellant filed a complaint in the Court of Claims alleging negligence by appellee in connection with the construction project.
 {¶ 3} In December 2007, and pursuant to Civ. R. 56(B), appellee moved for summary judgment. Appellant filed a brief in opposition to the motion, and appellee filed a reply brief. On April 1, 2008, the trial court filed an entry granting appellee's motion for summary judgment. Appellant appeals from that decision and asserts the following single assignment of error for our review:
 The trial court committed reversible error when it granted summary judgment in favor of Appellee.
 {¶ 4} Appellate review of a trial court's granting of summary judgment is de novo. Mitnaul v. Fairmount Presbyterian Church,149 Ohio App.3d 769, 2002-Ohio-5833, at ¶ 27. Summary judgment is proper when a movant for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in its favor. Civ. R. 56; State ex rel. Grady v. StateEmp. Relations Bd. (1997), 78 Ohio St.3d 181, 183. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously with any doubts resolved in favor of the nonmoving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 5} The evidence submitted in connection with the summary judgment motion indicated the following. The bridge demolition and reconstruction project conducted near *Page 3 
appellant's home began in January 2002. By letter dated May 15, 2002, appellant informed appellee that this construction project had caused damage to his home, and that this damage included a crack in his wall, layers of dust and dirt, broken windows, and damaged siding. The part of the construction project that was conducted near appellant's home was substantially concluded by November 2002. On December 14, 2004, civil engineer, and professional home inspector, Marko Vovk, inspected appellant's home. Mr. Vovk's report indicates that appellant's home, in addition to having other problems, had sustained significant structural damage.
 {¶ 6} R.C. 2743.16(A) provides in pertinent part as follows: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." Generally, a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed. Collins v. Sotka (1998),81 Ohio St.3d 506, 507, citing Kunz v. Buckeye Union Ins. Co. (1982),1 Ohio St.3d 79. However, under the discovery rule, which is an exception to the general rule, a cause of action accrues when the plaintiff discovers, or in the exercise of reasonable care should have discovered, that he or she was injured by the wrongful conduct of the defendant. Id., citing both O'Stricker v. Jim Walter Corp. (1983), 4 Ohio St.3d 84, and Oliver v. Kaiser Community Health Found. (1983), 5 Ohio St.3d 111, syllabus. "In essence, the running of the limitations period is delayed until triggered by a `cognizable event' that alerts the plaintiff that he or she was injured by the defendant." Collins, at 507-508. It is unnecessary for a plaintiff to *Page 4 
be aware of the full extent of damages before there is a cognizable event. See Allenius v. Thomas (1989), 42 Ohio St.3d 131, 133-134.
 {¶ 7} Although the discovery rule has been applied most often in medical malpractice cases, the "underlying rationale also fits with latent property-damage actions." NCR Corp. v. U.S. Mineral Prods.Co. (1995), 72 Ohio St.3d 269, 271. "The discovery rule is invoked in situations where the injury complained of may not manifest itself immediately and, therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." Id., citing O'Stricker, supra. This court has applied the discovery rule to the two-year statute of limitations contained in R.C. 2743.16(A). See Hans v. Ohio State Medical Ctr, Franklin App. No. 07AP-10, 2007-Ohio-3294, at ¶ 12, citing Wright v. Lima CorrectionalFacility (Sept. 21, 2000), Franklin App. No. 00AP-332.
 {¶ 8} Appellant alleges that his home was damaged by appellee's negligence in connection with the construction project next to his home. On May 15, 2002, appellant was aware of a crack in a wall to his home, layers of dust and dirt, broken windows, and damaged siding, which, in his view, were the result of negligence on appellee's part. In his appellate brief, appellant dismisses his awareness of damage to his home in May 2002 as simply awareness of "minor cosmetic" damages. Appellant also cites Liddell v. SCA Serv. of Ohio, Inc. (1994), 70 Ohio St.3d 6, for the proposition that his cause of action did not accrue until well after his May 2002 letter, i.e. when Mr. Vovk examined his home and he became fully aware of the extent of the damage to his property.
 {¶ 9} Appellant's assertion that his May 2002 letter only discussed "minor cosmetic" damage is belied by the fact that, in said letter, appellant described the *Page 5 
damages as "unacceptable" and that the damages had "caused a great deal of strife for my family and I." Also, appellant's complaint filed in the Court of Claims alleges that appellee's negligence caused "material structural damage to Plaintiff's Property, including, but not limited to: broken windows, cracks in the interior walls and ceilings, and substantial damage to the siding of Plaintiff's residence, fence and yard." (July 10, 2007 Complaint, at 3.) Moreover, appellant's reliance upon Liddell is unavailing, as that case involved the delayed development of cancer resulting from exposure to a hazardous substance; whereas, this case involves alleged damages to real property that would be detectable upon reasonable inspection.
 {¶ 10} Although appellant may not have known the full extent of the alleged damages to his home, by May 15, 2002, he was aware that his home may have been damaged due to possible negligence of appellee in connection with the construction project near his home. Furthermore, even if appellant alleged that appellee continued to commit negligent acts in connection with the construction project after that date, his complaint was filed more than two years after the undisputed completion date of the entire construction project, October 28, 2003. Appellant filed his complaint against appellee in Summit County in February 2006. Therefore, we find that appellant did not file his suit within two years of the accrual of his cause of action. See R.C. 2743.16(A).
 {¶ 11} Appellant asserts that his complaint was not barred by the statute of limitations because the savings statute, R.C. 2305.19, applied. We disagree. R.C. 2305.19 permits the refiling of an action within one year of the date the plaintiff's claim failed otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. In addition, R.C. 2305.19 is inapplicable *Page 6 
"unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal." Reese v. Ohio State University Hosp. (1983),6 Ohio St.3d 162, 163. Appellant's action in the Court of Claims was filed within one year of the dismissal by the Franklin County Court of Common Pleas. However, because appellant's first action was not timely commenced pursuant to R.C. 2743.16(A), the savings statute, R.C. 2305.19, cannot be applied.
 {¶ 12} For the foregoing reasons, we resolve that the trial court did not err in finding no genuine issue of material fact and that appellee is entitled to judgment as a matter of law. Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Court of Claims of Ohio.
Judgment affirmed.
 KLATT and SADLER, JJ., concur. *Page 1