[Cite as *Stacey v. Winters*, 2010-Ohio-2703.]

STATE OF OHIO, COLUMBIANA COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| CYNTHIA STACEY, | ) | |
| | ) | CASE NO.    09 CO 12 |
| PLAINTIFF-APPELLANT, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| FRED WINTERS, et al., and DAVE | ) | |
| ROSE dba ROSE EXCAVATING, | ) | |
| | ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from Common Pleas
Court, Case No. 06CV415.

JUDGMENT:    Affirmed.

APPEARANCES:
For Plaintiff-Appellant:    Attorney Gregg Rossi
P.O. Box 6045
Youngstown, Ohio  44501

For Defendants-Appellees:    Attorney John DeFazio
6715 Tippecanoe Rd., Bldg. B, Suite 201
Canfield, Ohio  44406
(For Dave Rose)

Attorney Timothy Barry
600 East State Street
Salem, Ohio  44460
(For Fred Winters)

Attorney Evan Palik
812 Huron Road, Suite 650
Cleveland, Ohio  44115
(For the Nevilles)

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: June 8, 2010

VUKOVICH, P.J.

¶{1} Plaintiff-appellant Cynthia Stacey appeals the decision of the Columbiana County Common Pleas Court granting defendant-appellee Dave Rose's (dba Rose Excavating) Motion for Summary Judgment on the basis that the claims against him are barred by the statute of limitations. Two limitations statutes are discussed in this appeal, R.C. 2305.09(D), four year statute of limitation and discovery rule for injuries not arising out of contract, and R.C. 2305.131, statute of repose providing for a ten year limit to bring a cause of action for injury to property that arises from a "defective and unsafe condition of an improvement to real property." The issue presented in this appeal is which statute of limitations applies and does it bar the cause of action. After a review of the statutes, as to R.C. 2305.131 and its 10 year statute of limitations period, we find Stacey has failed to properly argue that it applies and has failed in her burden to show to the trial court or this court that the 10 year statute of repose is applicable. Furthermore, we find that under R.C. 2305.09(D), the statute of limitations had run by the time Stacey had filed her complaint against Rose. For the reasons expressed below, the judgment of the trial court is affirmed.

<u>STATEMENT OF FACTS AND CASE</u>

¶{2} In May 2004, Stacey purchased the home and real estate located at 1050 Fairfield School Road, Columbiana, Ohio from Fred and Rebecca Winters. After taking possession of the house, Stacey began experiencing water problems in the basement of the home.

¶{3} The water problems are allegedly caused from the removal or clogging of the drain(s) that ran from the house at 1050 Fairfield School Road to a pond located on an adjacent property owned by Gary and Ginny Neville. In 1999, the Nevilles hired Dave Rose to do excavation around the pond and to re-route one of the drain pipes so that instead of draining into the pond it would drain into the water basin. Rose did the excavation and accordingly re-routed one of the drains. It appears to be undisputed

that the work Rose performed all occurred on the Neville's property; he did no work on the 1050 Fairfield School Road property.

¶{4}   As a result of the water problems, in May 2006, Stacey filed a complaint against, among others, Gary and Ginny Neville.  (Assigned Case No. 06CV145).  The complaint alleged negligence against the Nevilles for re-routing the drain pipe and re-landscaping the pond which allegedly caused Stacey's drains to become clogged and/or eliminated and therefore causing the water problem in her basement.  Stacey acknowledges in the complaint that she discovered the problem in July 2004. 05/18/06 Complaint; Stacey Depo. 75.

¶{5}   Following the complaint, the Nevilles filed a third-party complaint against Rose asserting that it was his negligence in re-routing the drain lines that caused Stacey's water problem, not theirs.  10/12/07 Third-Party Complaint.

¶{6}   Rose answered the complaint.  Then both Rose and the Nevilles filed motions for summary judgment, Rose against the Nevilles and the Nevilles against Stacey. The trial court granted both motions and dismissed the complaint against the Nevilles and the third-party complaint against Rose.  10/31/08 J.E.

¶{7}   Stacey filed a motion to reconsider those rulings and also filed a motion for leave to file a claim against Rose in Case No. 06CV145.  11/07/08 Motions.  The trial court denied the motions.  11/08/08 J.E.

¶{8}   In anticipation of the trial court's denial of the motion for leave to file a claim against Rose in Case No. 06CV145, Stacey filed a direct action against Rose separately.  11/07/08 Complaint Assigned Case No. 08CV1163.  She claimed that Rose was negligent in his excavation of the pond and re-routing of the drain pipe which was the proximate cause of the water damage in her basement. Rose answered the complaint and asserted as defenses that the claim was barred by the statute of limitations and that the claim was barred by res judicata because of the October 31, 2008 summary judgment order in Case No. 06CV145 stating that there is no evidence that Rose was negligent.  Stacey then moved to consolidate Case Nos. 08CV1163 and 06CV145, which was granted.  02/18/09 J.E.  Thereafter, Rose moved for summary judgment on the basis that the claim was barred by the statute of limitations. The trial court granted the motion.  04/23/09 J.E.

¶{9} Stacey timely appeals the trial court's decision to grant summary judgment for both Rose and the Nevilles. This court determined that the orders appealed from were final appealable orders. 12/24/09 J.E.

¶{10} While the appeal was pending, the Nevilles and Stacey reached a settlement. As such, the appeal against the Nevilles was voluntarily dismissed. This appeal solely addresses the grant of summary judgment for Rose.

## ASSIGNMENT OF ERROR[1]

¶{11} "THE TRIAL COURT ERRED IN GRANTING DEFENDANT, ROSE'S, MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF STATUTE OF LIMITATIONS."

¶{12} The trial court found that the negligence claim was barred by the statute of limitations, R.C. 2305.09(D). Stacey argues that the trial court erred in that determination. She asserts the discovery rule in R.C. 2305.09 applies and she filed the claim within four years of discovering that when Rose excavated the Neville's property he negligently redirected one of the drain lines coming from her house to the Neville's pond and thus caused the drain to not work properly. Additionally, she argues that R.C. 2305.131 "may" govern this cause of action. Since that statute provides a ten year limitations period and Rose completed his excavation work in 1999, her cause of action was brought within the ten years.

¶{13} The analysis is divided into two parts – R.C. 2305.131 analysis and R.C. 2305.09(D) analysis.

## R.C. 2305.131

¶{14} In the appellate brief, Stacey makes no argument as to why this statute applies. All she states is that it "may" govern this case; she provides no case law or reasoning to support her position.

¶{15} Rose argues that Stacey waived the argument that R.C. 2305.131(A)(1) applies because it was not raised to the trial court. Rose is correct that at the trial court level, Stacey did not argue that this case was governed by R.C. 2305.131(A)(1). Instead, she argued that the claim was not barred by R.C. 2305.09(D) because the

---

[1]The appellate brief raises three assignments of error. However, the first two address the appeal against the Nevilles which was voluntarily dismissed. Thus, this opinion solely addresses the third assignment of error.

discovery rule applied and she filed her complaint within four years of discovery of Rose's involvement.

¶{16} R.C. 2305.131 is a statute of repose that provides a limitation period of when a cause of action can be brought. Thus, while the repose statute may not have been raised to the trial court, it is a limitations period and the assertion that the statute of limitations had not run is sufficient for deeming that she can now assert that R.C. 2305.131(A)(1) provides the correct limitations period rather than R.C. 2305.09(D). See *Furlan v. Troiano Homes, Inc.* (Sept. 19, 1985), 8th Dist. No. 49430 (stating if the statute of limitations was properly pleaded the statute of repose can be relied upon). That said, while Stacey may not have waived the issue, she does not cite to any law regarding this statute nor does she provide this court with any argument as to why and how it applies to the facts at hand. Accordingly, Stacey has failed to comply with App.R. 16(A)(7). Due to the lack of an argument and legal citation, her assertion that it "may" apply can be disregarded for that reason alone.

¶{17} That said, even if we were to consider R.C. 2305.131, Stacey has failed to prove that her assertion is correct, i.e. that there is either a genuine issue of material fact that R.C. 2305.131 applies or that R.C. 2305.131 definitely applies.

¶{18} R.C. 2305.131(A)(1) provides:

¶{19} "(A)(1) Notwithstanding[2] an otherwise applicable period of limitations specified in this chapter or in section 2125.02 of the Revised Code and except as otherwise provided in divisions (A)(2), (A)(3), (C), and (D) of this section, no cause of action to recover damages for bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property and no cause of action for contribution or indemnity for damages sustained as a result of bodily injury, an injury to real or personal property, or wrongful death that arises out of a defective and unsafe condition of an improvement to real property shall accrue against a person who performed services for the improvement to real property or a person who furnished the design, planning, supervision of

---

[2]The "notwithstanding" language of this statute means even if R.C. 2305.09 is applicable, this statute may instead apply if the statutory requirements are met.

construction, or construction of the improvement to real property later than ten years from the date of substantial completion of such improvement."

¶{20} Thus, the statute applies to construction work and has two requirements. First, the damage must arise out of a defective and unsafe condition. And second, that defective and unsafe conduction must come from an improvement to real property.

¶{21} As to a "defective and unsafe condition," Stacey has failed to indicate or provide any evidence of how wet walls in the basement constitute a "defective and unsafe condition." Moreover, we have not found any case law to support such a contention.

¶{22} As to the "improvement to real property" requirement, there is case law on what an "improvement to real property" means. *Brennaman v. R.M.I. Co.* (1994), 70 Ohio St.3d 460, 464, (finding that the prior version of R.C. 2305.131 was unconstitutional because it violated the right to remedy clause in Section 16, Article I of the Ohio Constitution, however, the same language "improvement to real property" is also used in the current version of R.C. 2305.131.) *Brennanman* used the common sense approach and cited to both Black's Law Dictionary and Webster's Dictionary when determining what an "improvement to real property was:

¶{23} "Black's Law Dictionary defines 'improvement' as '[a] valuable addition made to property (usually real estate) or an amelioration in its condition, amounting to more than mere repairs or replacement, costing labor or capital, and intended to enhance its value, beauty or utility or to adapt it for new or further purposes. * * *' Black's Law Dictionary (6 Ed.1990), at 757.

¶{24} "Webster's Third New International Dictionary (1961) 1138, defines the term as 'a permanent addition to or betterment of real property that enhances its capital value and that involves the expenditure of labor or money and is designed to make the property more useful or valuable as distinguished from ordinary repairs * * *.'" *Brennaman*, 70 Ohio St.3d at 464.

¶{25} Stacey offered no evidence during discovery or to this court which would indicate that re-routing of the drain pipe and the landscaping is an "improvement to real property." In some instances such work may be deemed an ordinary repair or

replacement of the drain system. There is no evidence in the record to show if the work added any value to the Neville's property.

¶{26} It was Stacey's duty under App.R. 9 to provide a record to this court showing evidence that there was an "unsafe or defective condition" and an "improvement to real property." Likewise, once Rose asserted that the statute of limitations under R.C. 2305.09(D) had run and that Stacey had discovered the water problem more than four years prior to the filing of the complaint against Rose, the burden shifted to Stacey to assert R.C. 2305.131 and offer evidence that shows or creates a genuine issue of material fact that the damages arose out of "a defective or unsafe condition of an improvement to real property." Stacey offered no evidence to the trial court indicating R.C. 2305.131 was applicable, nor does she cite this court to any evidence or attempt to supplement the record with any evidence that indicates that R.C. 2305.131 is applicable.

¶{27} Consequently, given the lack of argument and evidence concerning the applicability of R.C. 2305.131, we find that Stacey has not met her burden of showing that there is a genuine issue of material fact as to whether R.C. 2305.131 applies or that R.C. 2305.131 definitely applies instead of R.C. 2305.09(D).

### R.C. 2305.09

¶{28} R.C. 2305.09(D) provides:

¶{29} "An action for any of the following causes shall be brought within four years after the cause thereof accrued:

¶{30} "* * *

¶{31} "(D) For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code."

¶{32} The Supreme Court of Ohio has determined that, in some circumstances, a discovery rule is appropriate for calculating when a cause of action accrues for purposes of defining a limitations period. *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 179. The discovery rule provides that the applicable statute of limitations may be tolled "until the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained-of injury." Id.

¶{33} Generally, a cause of action for negligence accrues at the time the wrongful act was committed and the discovery rule does not apply. *Harris v. Liston* (1999), 86 Ohio St.3d 203, 205. However, there have been situations where the Supreme Court has extended the discovery rule to negligence cases. For instance, the Ohio Supreme Court has used the discovery rule in latent property-damage actions. *NCR Corp. v. U.S. Mineral Prods. Co.* (1995), 72 Ohio St.3d 269. It explained that "the discovery rule is invoked in situations where the injury complained of may not manifest itself immediately and therefore, fairness necessitates allowing the assertion of a claim when discovery of the injury occurs beyond the statute of limitations." Id. at 271. Thus, it found that the underlying rationale makes the rule applicable to latent property-damage actions. Id.

¶{34} Likewise, four years after *NCR*, the Ohio Supreme Court in *Harris* explained that the discovery rule applies to the four year statute of limitations in R.C. 2305.09(D) in a negligence action against a developer-vendor of real property for damage to the real property. *Harris*, 86 Ohio St.3d 203, at paragraph 2 of the syllabus. See, generally, *Laipply v. Bates,* 166 Ohio App.3d 132, 135-136 (Seventh District case discussing R.C. 2305.09(D) and the discovery rule as applied to a negligence action).

¶{35} The *Harris* case is somewhat similar to the matter at hand. In *Harris*, the injured party sued the developer and the prior owners of real estate because there was a standing water problem with the house. The developer, Jackson, was granted summary judgment prior to trial. The prior owners, Listons, after trial by jury, were found to have known about the water problem. In the opinion, the Supreme Court affirmed the trial court's grant of summary judgment for Jackson and explained that because the water problem was known by prior owners, the statute of limitations against the developer began to run when they discovered the problem, not when Harris purchased the property and discovered the problem. However, the Supreme Court explained that had the prior owners not known of the problem, the statute of limitations would not have begun to run until the current owners discovered the problem:

¶{36} "Of course, if the Listons had not been aware of the problems associated with the property, and appellees thereafter purchased the home, appellees' negligence claims against Jackson would not have accrued, in accordance with R.C. 2305.09(D), until appellees actually discovered, or through the exercise of reasonable diligence should have discovered, the damage to the property." Id. at 208.

¶{37} Considering *Harris* and it application of R.C. 2305.09(D)'s four year statute of limitation, R.C. 2305.09(D) is applicable to the negligence claim against Rose. Furthermore, the alleged negligence of Rose excavating the pond and re-routing the drain pipe on the Neville's property which purportedly caused the water problem to the home located on 1050 Fairfield School Road is the type of latent property-damage case where the discovery rule is applicable.

¶{38} As aforementioned, Stacey filed her complaint against Rose on November 7, 2008. Thus, if this court finds that Stacey discovered, or through the exercise of reasonable diligence could have discovered, the damage prior to November 7, 2004, the claim was not filed within the applicable statute of limitations.

¶{39} In the original complaint filed May 18, 2006, Stacey made the following claims:

¶{40} "34. On Defendants NEVILLE'S property is a pond which they had re-worked and re-landscaped and, in the process of doing so, the excavation caused the drains from Plaintiff's property into the pond to be cut, plugged or eliminated.

¶{41} "35. As a direct and proximate result of the action of Defendants NEVILLE, by and through their construction, they have caused damage to the Plaintiff.

¶{42} "36. Plaintiff's drains do not drain into the pond and, therefore, water backs ups and causes her to have significant water problems.

¶{43} "37. Plaintiff discovered this problem on or about July, 2005."

¶{44} At her deposition it was admitted that "July 2005" in paragraph 37 was a typographical error and was intended to be July 2004. Stacey Depo. 75. Furthermore, she acknowledged that she first noticed the water problem in July 2004. Stacey Depo. 19, 75.

¶{45} Considering the above, the statute of limitations began to run in July 2004 when she first discovered the water problem.  It was at that point that she could discover the cause of the problem through reasonable diligence.  Thus, the statute of limitations expired in July 2008, which was four months prior to her filing a claim against Rose.  Therefore, under R.C. 2305.09(D) the trial court's finding that the statute of limitations had run is correct.

## CONCLUSION

¶{46} For the reasons expressed above, Stacey has failed to meet her burden in showing that either there is a genuine issue of material fact as to whether R.C. 2305.131 applies or that it definitely applies instead of R.C. 2305.09(D).  Furthermore, the trial court correctly determined that R.C. 2305.09(D) and its four year statute of limitations had run when Stacey filed her complaint against Rose.  Therefore, the judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.